UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN CORTLAND,

    Plaintiff,

v.

JEFFERY S. and DINA B. MEYERS, et al.,

    Defendants.

CASE NO. C11-5489BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND

This matter comes before the Court on Defendants' motion to dismiss (Dkt. 8). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. BACKGROUND**

On June 27, 2011, Plaintiff Brian Cortland ("Cortland") filed an amended complaint against Defendants Jeffrey S. and Dina B. Myers; Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S. ("Defendants"); and any unknown 1-50 John and Jane Does in the Superior Court for the State of Washington in Thurston County. Dkt. 3, Declaration of John Justice ("Justice Decl."), at 12-20 ("Amended Complaint"). Cortland alleges that Defendant Jeffery Myers ("Myers") violated the Washington State Public Records Act, ch. 42.56 RCW, when he informed Cortland that Cortland needed to submit public records requests to Myers rather than to the City of Morton ("City"). This occurred while Myers was representing the City in an ongoing separate litigation between

ORDER - 1

Cortland and the City. In addition to the instant action, Cortland filed a lis pendens on the home of Myers and his wife.

On June 28, 2011, Defendants removed the action to this Court. Dkt. 1. In the notice of removal, Defendants contend that Cortland alleges "Violation of Protected Rights, Declaratory Relief, [and] Outrage . . . ." *Id*. at 2.

On July 13, 2011, Defendants filed a motion to dismiss and cancellation of lis pendens. Dkt. 8. On July 25, 2011, Cortland responded. Dkt. 10. On August 5, 2011, Defendants replied. Dkt. 11.

## II. DISCUSSION

**A.** **Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

**B.** **Defendants' Motion**

Defendants move to dismiss Cortland's claims for violations of 42 U.S.C. §§ 1983 and 1985. Dkt. 8 at 3. Defendants also request that the Court order removal of the lis pendens on the Myers' home. *Id*. In their reply, Defendants state that Cortland has

voluntarily removed the lis pendens. Dkt. 11 at 3. Therefore, the Court will only address Cortland's causes of action.

### 1. Section 1983

Section 1983 is a procedural device for enforcing constitutional provisions and federal statutes; the section does not create or afford substantive rights. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In order to state a claim under 42 U.S.C. § 1983, plaintiffs must demonstrate that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate remedy only if both elements are satisfied. *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985).

In this case, Defendants argue that, based on Cortland's allegations, Myers was not acting under color of state law. Dkt. 8 at 3. Defendants cite *Polk County v. Dodson*, 454 U.S. 312, 319 n. 9, 325 (1981), for the proposition that a "private attorney performing a lawyer's traditional function cannot be considered to act under color of state law." Dkt. 8 at 3. In *Polk*, however, the Court expressly limited its holding by stating "that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk*, 454 U.S. at 325. The Court has further clarified that "the [*Polk*] case turned on the particular professional obligation of the criminal defense attorney to be an adversary of the State, not on the independence and integrity generally applicable to professionals as a class." *West v. Atkins*, 487 U.S. 42, 52 (1988). Moreover, defendants "are not removed from the purview of § 1983 simply because they are professionals acting in accordance with professional discretion and judgment." *Id*. However, the Court need not address the issue of whether Myers acted under color of state law in processing Cortland's public records requests

because Cortland has failed to assert sufficient allegations to establish the second element of his cause of action.

Cortland alleges that Defendants violated his Fifth Amendment due process rights. *See* Amended Complaint, ¶ 4.7. The Ninth Circuit has expressly held that "the Fifth Amendment's due process clause only applies to the federal government" and does not apply to local state officials. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Therefore, the Court grants Defendants' motion because Cortland has failed to allege sufficient facts under a cognizable legal theory.

### 2. Section 1985

To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29, (1983). The second element requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971).

In this case, Cortland has failed to allege any racial or class-based animus behind the alleged conspiracy. Cortland does argue that he is treated differently than other public record requesters because he must send his requests to Myers. Dkt. 10 at 5-6. This does not meet the standard to establish a claim under Section 1985. Therefore, the Court grants Defendants' motion on this claim.

C.   **Relief Requested**

Defendants request that the Court dismiss Cortland's complaint, Dkt. 8 at 5, but Defendants have conceded that the amended complaint may contain state law causes of action, Dkt. 1 at 2. The Court must construe pro se pleadings liberally and afford the pro se party the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *Polk*, 454 U.S. at 326 ("sympathetic pleading requirements applicable to pro se petitioners"). Moreover, unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). In light of the possible state law claims and the leniency afforded pro se parties, the Court grants Cortland leave to amend his complaint to cure the deficiencies set forth above.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants motion to dismiss (Dkt. 8) is **GRANTED**. Cortland must file an amended complaint by August 25, 2011 or his Section 1983 and 1985 claims may be dismissed with prejudice.

DATED this 12th day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge