UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN CORTLAND,<br><br>               Plaintiff,<br><br>   v.<br><br>JEFFERY S. and DINA B. MEYERS, et al.,<br><br>               Defendants. | CASE NO. C11-5489BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. 15). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. BACKGROUND**

On June 27, 2011, Plaintiff Brian Cortland ("Cortland") filed an amended complaint against Defendants Jeffrey S. and Dina B. Myers; Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S. ("Defendants"); and any unknown 1-50 John and Jane Does in the Superior Court for the State of Washington in Thurston County. Dkt. 3, Declaration of John Justice ("Justice Decl."), at 12-20. On June 28, 2011, Defendants removed the action to this Court. Dkt. 1.

ORDER - 1

On July 13, 2011, Defendants filed a motion to dismiss. Dkt. 8. On August 12, 2011, the Court granted Defendants' motion and granted Cortland leave to amend his complaint. Dkt. 12.

On August 25, 2011, Cortland filed two Second Amended Complaints. Dkts. 13 & 14 ("SAC"). On September 2, 2011, Defendants filed a motion to dismiss. Dkt. 15. On September 22, 2011, Cortland responded. Dkt. 16. On September 30, 2011, Defendants replied. Dkt. 20.

## II. DISCUSSION

**A.     Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

**B.     Defendants' Motion**

Defendants move to dismiss Cortland's claims for violations of 42 U.S.C. §§ 1983 and 1985. Dkt. 8 at 3.

      **1.     Section 1983**

Section 1983 is a procedural device for enforcing constitutional provisions and federal statutes; the section does not create or afford substantive rights. *Crumpton v.*

*Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In order to state a claim under 42 U.S.C. § 1983, plaintiffs must demonstrate that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or by the laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986).  Section 1983 is the appropriate remedy only if both elements are satisfied.  *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985).

In this case, Defendants argue that Cortland has failed to state a violation of federal law.  Dkt. 8 at 3.  The Court agrees.  First, Cortland's allegation that Defendants violated the Washington Public Records Act, RCW Chapter 42.56, is not a cognizable legal theory under 42 U.S.C. § 1983.

Second, Cortland's claim that he was denied equal protection of the law under the Fourteenth Amendment is not supported with sufficient allegations that show that he is entitled to relief.  To state a claim under the "Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (1998).  Courtland fails to allege that he was discriminated against based upon membership in a recognized protected class.

Third, Cortland fails to state a viable due process claim under the Fourteenth Amendment because he fails to allege that he was deprived of "life, liberty, or property . . . ."

Therefore, the Court grants Defendants' motion to dismiss Cortland's 42 U.S.C. § 1983 claim.

**2. Section 1985**

To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29, (1983). The second element requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971).

In this case, Cortland has failed to allege any racial or class-based animus behind the alleged conspiracy. Cortland does argue that he is treated differently than other public record requesters because he must send his requests to Myers. Dkt. 10 at 5-6. This does not meet the standard to establish a claim under Section 1985. Therefore, the Court grants Defendants' motion on this claim.

## C. Relief Requested

Defendants request that the Court dismiss Cortland's SAC with prejudice. Dkt. 20 at 3. A pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). In this case, the Court liberally construed Cortland's complaints, provided him notice of certain deficiencies, and afforded him an opportunity to cure the deficiencies. Cortland has failed to cure the identified deficiencies. Moreover, Cortland has not alleged a stand-alone state law cause of action and there is no need to remand this matter for further proceedings. Therefore, the Court grants Defendants' motion and dismisses Cortland's SAC with prejudice.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 15) is **GRANTED** and Cortland's SAC is **DISMISSED with prejudice**. The Clerk is directed to enter judgment for Defendants.

DATED this 17th day of October, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5